**ALAMOANA S. MULITAUAOPELE, as Fono Representative and Individual, Petitioner**

**v.**

**MALAETASI M. TOGAFAU, as Attorney General, American Samoa Government, Respondent**

High Court of American Samoa
Trial Division

CA No. 05-94

May 5, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and VAIVAO, Associate Judge.

Counsel:      Petitioner, Pro Se
             For Respondent, Cherie S. Norman, Assistant Attorney General

Opinion and Order on Motion to Dismiss Petition for Declaratory Relief:

Petitioner filed his request for declaratory relief on January 5, 1994. Respondent filed his motion to dismiss on January 24, 1994. On April.29, 1994, a hearing was held on respondent's motion. For the following reasons, respondent's motion is granted.

First, petitioner claims that a conflict exists between the Attorney General's "verbal opinion" and A.S.C.A. § 1.0405(a). This provision says that "[a]ny person claiming succession to a matai title shall file with the territorial registrar a written claim of succession to the title." However, the Attorney General is clearly not trying to claim a matai title. Thus, this statute on its face is inapplicable to this case.

■ Second, American Samoa's declaratory-judgment statute limits such relief to a person "interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property." A.S.C.A. § 43.1101. Petitioner is not disputing his rights under a written document or in regards to property, nor are *his* rights or duties with the Attorney General or another person at issue. As such, petitioner falls outside the scope of the statute. In any event, this court retains the discretion not to grant declaratory relief if "not necessary or proper." A.S.C.A. § 43.1102.

■ Third, petitioner lacks standing to pursue this case. The doctrine of standing is derived from the "case or controversy" requirement in Article III of the United States Constitution. This limitation imposed by a standing requirement is based on the separation of powers which underlies the federal government. *Northeastern Fla. Chapter of the Assoc. Gen. Contractors of America v. City of Jacksonville, Fla.*, 508 U.S. ___, ___, 124 L. Ed. 2d 586, 595 (1993) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. ___, ___, 119 L. Ed. 2d 351, 364 (1992); *Allen v. Wright*, 468 U.S. 737, 750, (1984)). Because the government and constitution of American Samoa are based on the U.S. model, those principles generally apply to the judiciary of this territory.

To establish standing, a party must demonstrate the following:

> (1) "injury in fact," by which we mean an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;" (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury "fairly can be traced to the

challenged action of the defendant," and has not resulted "from the independent action of some third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the "prospect of obtaining relief from the injury as a result of a favorable ruling" is not "too speculative." These elements are the "irreducible minimum" required by the Constitution.

*Id.* at ___, 124 L. Ed. 2d at 595-96 (internal citations omitted); *see Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472, (1982). In addition to these constitutional minima, the Supreme Court has added the following limits:

First, the Court has held that when the asserted harm is a "generalized grievance" shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. Second, even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties. Without such limitations-- closely related to Art III concerns but essentially matters of judicial self-governance--the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent to address the questions and even though judicial intervention may be unnecessary to protect individual rights.

*Warth v. Seldin*, 422 U.S. 490, 499-500, (1975) (internal citations omitted); *see Valley Forge*, 454 U.S. at 474-75, (plaintiff's complaint must also fall within "zone of interests" protected or regulated by a statute or constitutional provision); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99-100 & n.6, (1979).

Petitioner has failed to show that his petition for declaratory relief meets the requirements for standing, as he has not shown that he has suffered any actual, particular, and imminent harm. Neither his positions as "a duly elected member" and "Vice-Chairman of Government Operations" in the territorial House of Representatives nor his status as "a voter, resident and

taxpayer" confer standing on petitioner. At most, his pleadings merely seem to assert a "generalized grievance" or the legal rights of others.[1]

Furthermore, many of petitioner's arguments appear premised on his assertion that there is only one Mulitauaopele family and title. *See, e.g.,* Petitioner's "Supplemental Pre-Hearing Memorandum," at 3. However, this court has recognized the existence of two distinct Mulitauaopele families and matai titles. *In re Matai Title Mulitauaopele*, 16 A.S.R.2d 63 (Land & Titles Div. 1990), *aff'd* 25 A.S.R.2d 43 (App. Div. 1993). Insofar as petitioner may be attempting to relitigate this court's decision, the judgment stands and is binding on him.

Petitioner lacks the requisite standing to maintain his lawsuit. Therefore, respondent's motion to dismiss is granted.

It is so ordered.

---

[1] Those family members who claim entitlement or right to the Mulitauaopele title, left vacant at the demise of Mulitauaopele Tamotu, would have standing; their representative to the Fono does not gain standing vicariously by virtue of his office.